```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                       Plaintiff,                          :
                                                           :
               -against-                                   :     SUMMARY ORDER
                                                           :     13-CV-1467 (DLI)(RER)
NEW YORK STATE HIGHER EDUCATION,                           :
PIONEER CREDIT RECOVERY (COLLECTION                        :
AGENCY), and US EDUCATION DEPT,                            :
                                                           :
                       Defendants.                         :
-----------------------------------------------------------x
SNEZANA STANKOVIC, pro se,                                 :
                                                           :
                       Plaintiff,                          :
                                                           :
               -against-                                   :     13-CV-1854 (DLI)(RER)
                                                           :
NYS HIGHER EDUCATION SERVICES, and                         :
PIONEER CREDIT RECOVERY,                                   :
                                                           :
                       Defendants.                         :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* Plaintiff Snezana Stankovic ("Plaintiff") filed these two actions on March 18, 2013 and April 1, 2013 (the "2013 Actions"), asserting claims against defendants arising from her student loan debt. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's request to proceed IFP solely for the purpose of this Summary Order. For the reasons set forth below, the 2013 Actions are dismissed with prejudice, and Plaintiff is directed to show cause why she should not be barred from filing any future *in forma pauperis* complaints without first obtaining leave from the Court to do so.

# DISCUSSION

## I. Legal Standard

Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is *pro se*, her complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

## II. Background

Last year, on March 7, 2012, Plaintiff commenced an action in this Court against NYS Higher Education Services Corporation ("NYS Higher Education") and John B. King, Jr., Commissioner of Education of the State of New York (the "2012 Action"). *Stankovic v. King*, 12-CV-2463 (E.D.N.Y.). The complaint in the 2012 Action alleged "[s]tudent loan paid off 1993—Higher Education grants and financial aid;" Plaintiff also sought "IRS income tax refunds 2005–2012" and "stop harassment of default loan status." On August 20, 2012, the Court dismissed the 2012 Action, with prejudice, on the basis that Plaintiff failed to state viable claims. *Stankovic v. Smith*, 2012 WL 3597760, at *4 (E.D.N.Y. Aug. 20, 2012). The Clerk of the Court entered final judgment in the case on August 23, 2012.

The history of Plaintiff's frequent, frivolous filings is set forth in greater detail in this Court's August 20, 2012 Memorandum and Order, which, in addition to dismissing the 2012

Action, also dismissed fifteen other actions filed by Plaintiff over a two-month period. In the August 20, 2012 Memorandum and Order, the Court stated as follows:

> [O]ver the past months, Plaintiff has inundated this court with complaints against seemingly anybody with whom she is dissatisfied, none of which come close to stating a claim upon which relief can be granted or properly asserting this court's jurisdiction. In addition, another judge in this district recently dismissed *sua sponte* two additional complaints brought by Plaintiff, and warned that the "Court will not tolerate abuse of its resources . . . . Furthermore, plaintiff is hereby warned that if she continues to file similar complaints, she may be barred from filing any new civil action in this Court seeking *in forma pauperis* status without first obtaining leave of the Court to do so." *Stankovic v. Frankel*, 2012 WL 2700648, at *2-3 (E.D.N.Y. July 6, 2012).
>
> This court reiterates the court's statement in *Frankel*: the court will not tolerate abuse of its resources. Bringing a civil action is a serious matter that should not be taken lightly. Every complaint that is brought, including claims that are as patently deficient as Plaintiff's complaints, consumes the court's precious resources, and potentially the resources of the other parties to the litigation. When Plaintiff drafts and submits her complaints haphazardly, without considering or investigating whether the allegations amount to a claim or the complaint is filed in the correct court, it delays other deserving litigants from having their cases adjudicated because the court must take the time to dispose of Plaintiff's complaints. This is unacceptable. As the court admonished Plaintiff in *Frankel*, this court will not hesitate to bar Plaintiff from filing future IFP actions without leave of the court if she persists in filing vexatious complaints.

*Stankovic*, 2012 WL 3597760, at *7.

## III. *Res Judicata*

Despite prior warnings, Plaintiff once again raises in this Court the same claims concerning her student loans. Specifically, in the 2013 Actions, Plaintiff again alleges that she has been harassed with respect to her student loans, despite the fact that those loans have been paid off. In addition to NYS Higher Education, the 2013 Actions also name as defendants Pioneer Credit Recovery, Inc. ("Pioneer"), which acts as NYS Higher Education's collection agent, and the U.S. Department of Education. With respect to NYS Higher Education and its collection agent, Pioneer, the 2013 Actions are dismissed as barred by the doctrine of *res judicata*.

Under the doctrine of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399-400 (2d Cir. 2000) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "[O]nce a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (quoting *Maharai v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)). The Second Circuit has held that dismissals pursuant to 28 U.S.C. § 1915 can have a *res judicata* effect on subsequent actions brought *in forma pauperis*. *See id.* at 205-06 (affirming district court's *res judicata* dismissal of *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, Plaintiff alleges the same nucleus of facts in the 2013 Actions as those alleged in the 2012 Action—namely, she disputes her student loan debt and the related collection efforts to recover that debt. Since Section 1915 dismissals are preclusive as to subsequent *in forma pauperis* actions, and the prior action involved defendant NYC Higher Education and identical issues, this action is barred against NYC Higher Education, and its agent, Pioneer,[1] by the doctrine of *res judicata*. *See Cieszkowska*, 395 F.3d at 205; *Harborside Refrigerated Servs. v. Vogel*, 959 F.2d 368, 372 (2d Cir. 1992) (holding that *res judicata* "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised") (citation omitted).

---

[1] *See, e.g.*, *John St. Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542 (S.D.N.Y. 2001) ("[A]n agency relationship is sufficient to establish privity for the purposes of *res judicata*.").

**IV.     U.S. Department of Education**

Plaintiff's allegations against the U.S. Department of Education, a non-party in the 2012 Action, are as follows: "Debt in 1993 owed $5500.00 by 'Chemical Bank' through St. John's University NY was paid off by [Plaintiff] according to US Dept of Education." The Court is at a loss as to what claim Plaintiff is trying to assert against the U.S. Department of Education. The meager facts she alleges do not support any claim of which this court is aware, even under the liberal standard for *pro se* litigants. Accordingly, Plaintiff's claims against the U.S. Department of Education are dismissed.

## CONCLUSION

For the reasons stated above, the 2013 Actions are dismissed with prejudice. Moreover, it is evident that Plaintiff has not taken the Court's warning regarding filing repetitive and frivolous complaints seriously. Plaintiff's further filing of redundant and baseless *in forma pauperis* complaints shall not be tolerated by this Court. The All Writs Act, 28 U.S.C. § 1651, "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Accordingly, Plaintiff is hereby directed to show cause, by written affirmation, TO BE FILED NO LATER THAN MAY 30, 2013, why Plaintiff should not be barred from filing any future *in forma pauperis* complaints without first obtaining leave of the Court to do so. If Plaintiff fails to show cause within the time allotted, she will be barred from filing any future *in forma pauperis* complaint without first obtaining leave of the Court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 29, 2013

/s/
DORA L. IRIZARRY
United States District Judge